## No. 79

CUYAHOGA TOW. SUPP. CO. v. FODOR et

No. 19537. Supreme Court

On motion to certify. Dock. Jan. 7, 1926; 4 Abs. 40.

714. LIABILITY—If a truck driver negligently collides with a street car and thereupon a passenger arises to see what happened and is trown to the floor by the sudden stopping of the car, is the owner of the truck liable to the injured party by reason of its negligence?

Betty Fodor brought this action originally in the Cuyahoga Common Pleas against the Cleveland Railway Company and the Cuyahoga Towel Supply and Laundry Company for damages for personal injury.

It appears that on August 25, 1922 Fodor was a passenger in a street car of the Railway Co. and that while said car was being brought to a stop for the purpose of discharging and taking on passengers a truck operated by the Laundry Co. collided with the rear end of the street car, thereby making considerable noise, but not affecting the movement of the car. Upon hearing the crash, Fodor arose from her seat, as did other passengers, and started toward the door of the car, which was still in motion and which came to a stop while she was going from her seat to the door. The sudden stopping of the car caused Fodor to lose her balance, fall and bump her head, thereby causing the injury complained of.

Upon the conclusion of Fodor's testimony the trial court directed a verdict for the Railway Co. on the ground that there was no evidence of negligence on its part and at the conclusion of all testimony the jury returned a verdict for Fodor. This judgment was affirmed by the Cuyahoga Appeals.

The Laundry Co. in the Supreme Court contends that the collision was not the proximate cause of the injury and that no evidence that the collision caused the street car to jerk and that under Miller v. Railroad, 78 OS. 309, "No liability exists for acts of negligence causing mere fright or shock, unaccompanied by contemporaneous physical injury, even though subsequent illness results, where the negligent acts complained of are neither wilful nor malicious."

Attorneys—Paul Howland, for Laundry Co.; Squire, Sanders & Dempsey, for Railway Co.; Payer, Winch, Minshall & Karch, for Fodor; all of Cleveland.

---

## No. 80

ROGERS v. BECK et

No. 19539. Supreme Court

On motion to certify. Dock. Jan. 7, 1926; 4 Abs. 40.

225. CHARGE TO JURY—In an action for fraud for misrepresentations of the value of land, must the court in its charge clearly state what would constitute actionable representations as to the value of the land?

This action was begun originally in the Wood Common Pleas by Beck Motor Sales Company, a partnership, against, George Rogers for fraud growing out of misrepresentations as to the value of a certain property which with $1000, was traded for an automobile.

Rogers, in his answer generally denied the allegations of the petition and the case went to the jury on the issues so made up. The verdict was for Rogers and the Company prosecuted error the Court of Appeals, which reversed the judgment on the charge of the court on the question of fraud.

The trial court charged the jury as to the plaintiff's rights in case of fraud as to rescission etc., that fraud is not presumed, but must be proven; and of what fraud consists and its definition. The Court of Appeals held that the charge should have stated what would constitute actionable representations of value as to land.

Rogers in the Supreme Court, contends that the charge was sufficient and that it included substantially the elements which the Court of Appeals held it lacked; that the law was correctly stated; and that therefore the Appeals erred in remanding the case for a new trial.

Attorneys—S. W. Bowman, Bowling Green, for Rogers; H. A. Kessler, Toledo, for Beck.